IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SANDRA CHILDRESS, et al.,

        Plaintiffs,

v.                                  CIVIL ACTION NO.   2:12-cv-01564

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motions for Summary Judgment)

Pending before the court is Defendants' Motion for Summary Judgment Based on the Statute of Limitations ("SOL Motion") [ECF No. 66] and Defendants' Motion for Summary Judgment ("Motion") [ECF No. 77], both filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's SOL Motion [ECF No. 66] is **DENIED** and its Motion [ECF No. 77] is **GRANTED in part** and **DENIED in part**.

I.    Background

This action involves Tennessee co-plaintiffs, one of whom was implanted with Tension-free Vaginal Tape ("TVT"), a mesh product manufactured by Ethicon, on June 30, 2006. Am. Short Form Compl. [ECF No. 20] ¶¶ 1–12. The case resides in one of seven MDLs assigned to the Honorable Joseph R. Goodwin by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat

pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This individual case is one of a group of cases that the Clerk of the Court reassigned to me on November 22, 2016. [ECF No. 101]. In the seven MDLs, there are more than 28,000 cases currently pending, nearly 17,000 of which are in the Ethicon MDL, MDL 2327.

Prior to the reassignment, in an effort to manage the massive Ethicon MDL efficiently and effectively, Judge Goodwin decided to conduct pretrial discovery and motions practice on an individualized basis. To this end, Judge Goodwin ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02327, Nov. 20, 2015, http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html. Once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. The court selected this case as an "Ethicon Wave 2 case."

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth

of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To discharge this burden, the moving party may produce an affidavit to demonstrate the absence of a genuine issue of material fact. *See id.* The moving party, however, is not required to do so and may discharge this burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325; *see also Pumphrey v. C.R. Bard, Inc.*, 906 F. Supp. 334, 336 (N.D. W. Va. 1995). If the moving party sufficiently points out to the court those portions of the record that show that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to come forward with record evidence establishing a genuine issue of material fact. *Pollard v. United States*, 166 F. App'x 674, 678 (4th Cir. 2006) (citing *Celotex, Corp.*, 477 U.S. at 325).

Should the burden shift, the nonmoving party must offer some "concrete

3

evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Id.* at 252. Likewise, conclusory allegations or unsupported speculations, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997). Summary judgment is therefore appropriate when, after adequate time for discovery, the moving party first discharges the initial burden and then the nonmoving party does not make a showing sufficient to establish a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 322–23.

### B. Choice of Law

The parties agree that Tennessee choice-of-law principles apply to this case and that these principles compel the application of Tennessee substantive law to the plaintiffs' claims.

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050,

1055 (8th Cir. 1996) (citations omitted). If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, as Ms. Childress did in this case, the court consults the choice-of-law rules of the state where the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, the court will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Childress underwent the TVT implantation surgery in Tennessee. Thus, Tennessee's choice-of-law principles guide the court's choice-of-law analysis.

Tennessee courts employ "the most significant relationship test" to determine which state's substantive law to apply in a tort action. *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992). Under this test, the court must evaluate the contacts of each interested state and determine which state "has the most significant contacts" with the lawsuit. *Id.* In doing so, the court must balance four factors: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, [and] (d) the place where the relationship, if any, between the parties is centered." *Id.*

Here, the plaintiffs are residents of Tennessee, Ms. Childress was implanted with the product at issue in Tennessee, and her alleged injuries and follow-up care

5

occurred in Tennessee. Accordingly, I **FIND** that Tennessee has the most significant relationship, and I apply Tennessee's substantive law to this case.

III. Analysis

Ethicon argues it is entitled to summary judgment because the relevant statutes of limitations bars certain claims. Ethicon also argues it is entitled to summary judgment because the plaintiffs' claims are without evidentiary or legal support.

### A. Conceded Claims

The plaintiffs concede the following claims: Count I (Negligence), Count II (Strict Liability – Manufacturing Defect), Count IV (Strict Liability – Defective Product), Count VI (Common Law Fraud), Count VII (Fraudulent Concealment), Count VIII (Constructive Fraud), Count IX (Negligent Misrepresentation), Count X (Negligent Infliction of Emotional Distress), Count XI (Breach of Express Warranty), Count XII (Breach of Implied Warranty), Count XIII (Violation of Consumer Protection Laws), Count XIV (Gross Negligence), and Count XV (Unjust Enrichment).[1] Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

### B. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the

---

[1] In response to Ethicon's motion for summary judgment, the plaintiffs argued only that this Court deny summary judgment as to Mrs. Childress's failure-to-warn claim (Count III), her design-defect claims (Count V), and Mr. Childress's claim for loss of consortium (Count XVI). Pls. Resp. at 1, 14 [ECF No. 90]. The plaintiffs did not contest summary judgment as to their remaining claims. As a result, the court concludes that the plaintiffs concede their remaining claims.

plaintiffs' remaining claims challenged by Ethicon, including timeliness under the Tennessee statutes of limitations. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's SOL Motion [ECF No. 66] is **DENIED** and its Motion [ECF No. 66] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: Count I (Negligence), Count II (Strict Liability – Manufacturing Defect), Count IV (Strict Liability – Defective Product), Count VI (Common Law Fraud), Count VII (Fraudulent Concealment), Count VIII (Constructive Fraud), Count IX (Negligent Misrepresentation), Count X (Negligent Infliction of Emotional Distress), Count XI (Breach of Express Warranty), Count XII (Breach of Implied Warranty), Count XIII (Violation of Consumer Protection Laws), Count XIV (Gross Negligence), and Count XV (Unjust Enrichment). Ethicon's Motion is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 12, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE