IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SANDRA CHILDRESS, et al.,

        Plaintiffs,

v.                                    CIVIL ACTION NO. 2:12-cv-01564

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
*(Plaintiffs' Motion for Partial Summary Judgment)*

Pending before the court is Plaintiffs' Motion for Partial Summary Judgment [ECF No. 79] wherein plaintiffs Sandra Childress and Timothy Childress move for partial summary judgment on various affirmative defenses raised by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon") that are based on the purported negligence of Ms. Childress's physicians. For the reasons set forth below, the plaintiffs' Motion is **GRANTED in part** and **DENIED in part**.

I.     Background

This action involves Tennessee co-plaintiffs, one of whom was implanted with Tension-free Vaginal Tape ("TVT"), a mesh product manufactured by Ethicon, on June 30, 2006. Am. Short Form Compl. [ECF No. 20] ¶¶ 1–12. The case resides in one of seven MDLs assigned to the Honorable Joseph R. Goodwin by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat

pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This individual case is one of a group of cases that the Clerk of the Court reassigned to me on November 22, 2016. [ECF No. 101]. In the seven MDLs, there are approximately 28,000 cases currently pending, nearly 17,000 of which are in the Ethicon MDL, MDL 2327.

Prior to the reassignment, in an effort to manage the massive Ethicon MDL efficiently and effectively, Judge Goodwin decided to conduct pretrial discovery and motions practice on an individualized basis. To this end, Judge Goodwin ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02327, Nov. 20, 2015, http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html. Once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. The court selected this case as an "Ethicon Wave 2 case."

## II. Legal Standards

### A. Summary Judgment

A court may dispose of affirmative defenses by summary judgment. *Int'l Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co.*, 944 F. Supp. 886, 891 (M.D. Fla. 1996). To obtain summary judgment, the moving party must show that

there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying alleged facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Notwithstanding, the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256.

Summary judgment is appropriate when the nonmoving party does not make, after adequate time for discovery, a showing sufficient to establish an essential element of his or her case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In other words, the nonmoving party must offer more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculations, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

The parties agree that Tennessee choice-of-law principles apply to this case and that these principles compel the application of Tennessee substantive law to the plaintiffs' claims.

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (citations omitted). If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, as Ms. Childress did in this case, the court consults the choice-of-law rules of the state where the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, the court will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Childress underwent the TVT implantation surgery in Tennessee. Thus, Tennessee's choice-of-law principles guide the court's choice-of-law analysis.

Tennessee courts employ "the most significant relationship test" to determine which state's substantive law to apply in a tort action. *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992). Under this test, the court must evaluate the contacts of each interested state and determine which state "has the most significant contacts"

4

with the lawsuit. *Id.* In doing so, the court must balance four factors: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, [and] (d) the place where the relationship, if any, between the parties is centered." *Id.*

Here, the plaintiffs are residents of Tennessee, Ms. Childress was implanted with the product at issue in Tennessee, and her alleged injuries and follow-up care occurred in Tennessee. Accordingly, I **FIND** that Tennessee has the most significant relationship, and I apply Tennessee's substantive law to this case.

## III. Analysis

The plaintiffs argue they are entitled to summary judgment on the defendants' affirmative defenses related to contributory negligence, comparative fault, and/or comparative negligence of Ms. Childress's attending physicians. Specifically, the plaintiffs challenge the affirmative defenses contained in ¶¶ 42, 45, 51, 66 and 77 of the defendants' Master Answer and Jury Demand to First Amended Master Complaint. Mem. Supp. Mot. Partial Summ. J., at 3–4, [ECF No. 80].

Ethicon concedes that the affirmative defenses listed in ¶ 42 and ¶ 51 of their Master Answer, to the extent they are based on the purported negligence of Ms. Childress's treating physicians, are inapplicable in this case. Resp. Mem. Opp. Mot. Summ. J. 2 [ECF No. 89]. Accordingly, with regard to these defenses, the plaintiffs' Motion for Partial Summary Judgment is **GRANTED**.

Regarding the remaining defenses challenged by the plaintiffs, the court **FINDS** that genuine disputes of material fact exist. Accordingly, the plaintiffs' Motion for Partial Summary Judgment is **DENIED**.

IV. Conclusion

For the reasons discussed above, the court **ORDERS** that the plaintiffs' Motion for Partial Summary Judgment [ECF No. 79] is **GRANTED** to the extent that the affirmative defenses listed in ¶ 42 and ¶ 51 of their Master Answer, are based on the contributory negligence, comparative fault, and/or comparative negligence of Ms. Childress's physicians. The court further **ORDERS** that the plaintiffs' Motion for Partial Summary Judgment is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 12, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE