IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SANDRA CHILDRESS, et al.,

   Plaintiffs,

v.           CIVIL ACTION NO. 2:12-cv-01564

JOHNSON & JOHNSON, et al.,

   Defendants.

MEMORANDUM OPINION AND ORDER
(*Daubert* Motion re: Bruce Rosenzweig, M.D.)

Pending before the court is the Motion to Exclude Case-Specific Opinion Testimony of Bruce Rosenzweig, M.D. [ECF No. 85] filed by the defendants. The Motion is now ripe for consideration because briefing is complete.

I. Background

This case resides in one of seven MDLs assigned to the Honorable Joseph R. Goodwin by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This individual case is one of a group of cases that the Clerk of the Court reassigned to me on November 22, 2016. [ECF No. 101]. In the seven MDLs, there are approximately 28,000 cases currently pending, approximately 17,000 of which are in the Ethicon MDL, MDL 2327.

Prior to the reassignment, in an effort to efficiently and effectively manage the massive Ethicon MDL, Judge Goodwin decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, Judge Goodwin ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02327, Nov. 20, 2015, http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html. The plaintiffs' case was selected as an "Ethicon Wave 2 case."

## II. Legal Standard

By now, the parties should be intimately familiar with Rule 702 of the Federal Rules of Evidence and *Daubert*, so the court will not linger for long on these standards.

Expert testimony is admissible if the expert is qualified and if his or her expert testimony is reliable and relevant. Fed. R. Evid. 702; *see also Daubert*, 509 U.S. at 597. An expert may be qualified to offer expert testimony based on his or her "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Reliability may turn on the consideration of several factors:

> (1) whether a theory or technique can be or has been tested;
> (2) whether it has been subjected to peer review and

publication; (3) whether a technique has a high known or potential rate of error and whether there are standards controlling its operation; and (4) whether the theory or technique enjoys general acceptance within a relevant scientific community.

*Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (citing *Daubert*, 509 U.S. at 592–94). But these factors are neither necessary to nor determinative of reliability in all cases; the inquiry is flexible and puts "principles and methodology" above conclusions and outcomes. *Daubert*, 509 U.S. at 595; *see also Kumho Tire Co. v. Carmichael*, 525 U.S. 137, 141, 150 (1999). Finally, and simply, relevance turns on whether the expert testimony relates to any issues in the case. *See, e.g.*, *Daubert*, 509 U.S. at 591–92 (discussing relevance and helpfulness).

In the context of specific causation expert opinions, the Fourth Circuit has held that "a reliable differential diagnosis provides a valid foundation for an expert opinion." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 263 (4th Cir. 1999).

> A reliable differential diagnosis typically, though not invariably, is performed after 'physical examinations, the taking of medical histories, and the review of clinical tests, including laboratory tests,' and generally is accomplished by determining the possible causes for the patient's symptoms and then eliminating each of these potential causes until reaching one that cannot be ruled out or determining which of those that cannot be excluded is the most likely.

*Id.* at 262 (citations omitted). "A differential diagnosis that fails to take serious account of other potential causes may be so lacking that it cannot provide a reliable basis for an opinion on causation." *Id.* at 265. However, an expert's causation opinions will not be excluded "because he or she has failed to rule out every possible alternative

3

cause of a plaintiff's illness." *Id.* "The alternative causes suggested by a defendant 'affect the weight that the jury should give the expert's testimony and not the admissibility of that testimony,' unless the expert can offer '*no* explanation for why she has concluded [an alternative cause offered by the opposing party] was not the sole cause.'" *Id.* at 265 (citations omitted).

At bottom, the court has broad discretion to determine whether expert testimony should be admitted or excluded. *Cooper*, 259 F.3d at 200.

III. Discussion

Ethicon first argues that I should preclude Dr. Rosenzweig from testifying that Ms. Childress is suffering from certain chronic conditions. The plaintiffs concede that Dr. Rosenzweig will not testify that Ms. Childress is currently experiencing chronic flank and lower quadrant pain, will not testify about vaginal pain as something distinct from dyspareunia, and will not testify about vaginitis. Accordingly, Ethicon's Motion on these points is **GRANTED**. As to the remaining points regarding chronic conditions, I find that Dr. Rosenzweig's opinions are sufficiently grounded to move forward. Therefore, as to the remaining points regarding chronic conditions, Ethicon's Motion is **DENIED**.

Ethicon also argues that Dr. Rosenzweig did not conduct a proper differential diagnosis. I disagree. Dr. Rosenzweig is a urogynecologist, who has performed over 1000 pelvic floor surgeries, and he has performed over 300 surgeries associated with synthetic mesh products. Resp. 1–2 [ECF No. 94]. Dr. Rosenzweig's expert report and deposition testimony show that he conducted a detailed review of the plaintiff's

4

medical records and performed a physical examination of the plaintiff. Dr. Rosenzweig considered numerous alternative causes for the plaintiff's injuries and explained his reasons for ruling out those alternative causes.

As discussed above, an expert's causation opinions will not be excluded "because he or she has failed to rule out every possible alternative cause of a plaintiff's illness." *Westberry*, 178 F.3d. at 265. Ethicon's suggested other possible alternative causes affect the weight—not the admissibility—of an expert's testimony, unless the expert can provide *no* explanation for ruling out such alternative causes at trial. *See id.* at 265. To the extent that Ethicon believes that Dr. Rosenzweig failed to properly consider other alternative causes, Ethicon is free to address those issues on cross-examination. Ethicon's Motion on this point is **DENIED**.

Ethicon argues that I should exclude Dr. Rosenzweig's testimony regarding future damages because it is unfounded and speculative. However, his opinion appears sufficiently grounded in the facts of this case and his individual expertise. To the extent Ethicon wishes to attack Dr. Rosenzweig's testimony regarding future damages, it may do so using cross-examination. Ethicon's Motion on this point is **DENIED**.

Finally, Ethicon objects to testimony relating to general causation—specifically, testimony regarding Ethicon's instructions for use and biomaterials opinions. Any general causation issues properly raised in a motion to exclude general causation testimony were addressed in Judge Goodwin's March 29, 2017 Order [ECF No. 3532], *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-

02327. Ethicon's Motion on this point is **DENIED**, and any remaining issues are **RESERVED for trial**.

IV. Conclusion

The court **ORDERS** that the Motion to Exclude Case-Specific Opinion Testimony of Bruce Rosenzweig, M.D. [ECF No. 85] is **GRANTED in part**, **DENIED in part**, and **RESERVED in part**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 12, 2017

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE