IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SANDRA CHILDRESS, et al.,

        Plaintiffs,

v.                                      CIVIL ACTION NO. 2:12-cv-01564

JOHNSON & JOHNSON, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(*Daubert* Motion re: Paul Michaels, M.D.)

Pending before the court is the Motion to Exclude the Case Specific Opinion Testimony of Dr. Paul Michaels [ECF No. 87] filed by the defendants. The Motion is now ripe for consideration because briefing is complete.

I.    Background

This case resides in one of seven MDLs assigned to the Honorable Joseph R. Goodwin by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This individual case is one of a group of cases that the Clerk of the Court reassigned to me on November 22, 2016. [ECF No. 101]. In the seven MDLs, there are approximately 28,000 cases currently pending, approximately 17,000 of which are in the Ethicon MDL, MDL 2327.

Prior to the reassignment, in an effort to efficiently and effectively manage the massive Ethicon MDL, Judge Goodwin decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, Judge Goodwin ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02327, Nov. 20, 2015, http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html. The plaintiff's case was selected as an "Ethicon Wave 2 case."

## II. Legal Standard

By now, the parties should be intimately familiar with Rule 702 of the Federal Rules of Evidence and *Daubert*, so the court will not linger for long on these standards.

Expert testimony is admissible if the expert is qualified and if his or her expert testimony is reliable and relevant. Fed. R. Evid. 702; *see also Daubert*, 509 U.S. at 597. An expert may be qualified to offer expert testimony based on his or her "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Reliability may turn on the consideration of several factors:

> (1) whether a theory or technique can be or has been tested;
> (2) whether it has been subjected to peer review and

publication; (3) whether a technique has a high known or potential rate of error and whether there are standards controlling its operation; and (4) whether the theory or technique enjoys general acceptance within a relevant scientific community.

*Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (citing *Daubert*, 509 U.S. at 592–94). But these factors are neither necessary to nor determinative of reliability in all cases; the inquiry is flexible and puts "principles and methodology" above conclusions and outcomes. *Daubert*, 509 U.S. at 595; *see also Kumho Tire Co. v. Carmichael*, 525 U.S. 137, 141, 150 (1999). Finally, and simply, relevance turns on whether the expert testimony relates to any issues in the case. *See, e.g.*, *Daubert*, 509 U.S. at 591–92 (discussing relevance and helpfulness).

In the context of specific causation expert opinions, the Fourth Circuit has held that "a reliable differential diagnosis provides a valid foundation for an expert opinion." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 263 (4th Cir. 1999).

> A reliable differential diagnosis typically, though not invariably, is performed after 'physical examinations, the taking of medical histories, and the review of clinical tests, including laboratory tests,' and generally is accomplished by determining the possible causes for the patient's symptoms and then eliminating each of these potential causes until reaching one that cannot be ruled out or determining which of those that cannot be excluded is the most likely.

*Id.* at 262 (citations omitted). "A differential diagnosis that fails to take serious account of other potential causes may be so lacking that it cannot provide a reliable basis for an opinion on causation." *Id.* at 265. However, an expert's causation opinions will not be excluded "because he or she has failed to rule out every possible alternative

3

cause of a plaintiff's illness." *Id.* "The alternative causes suggested by a defendant 'affect the weight that the jury should give the expert's testimony and not the admissibility of that testimony,' unless the expert can offer '*no* explanation for why she has concluded [an alternative cause offered by the opposing party] was not the sole cause.'" *Id.* at 265 (citations omitted).

At bottom, the court has broad discretion to determine whether expert testimony should be admitted or excluded. *Cooper*, 259 F.3d at 200.

## III. Discussion

Ethicon argues that Dr. Michaels did not conduct a proper differential diagnosis. I disagree. Dr. Michaels is an anatomic pathologist who had previously analyzed approximately 24 explanted polypropylene mesh specimens. Resp. 1–2 [ECF No. 95]. Dr. Michaels's expert report and deposition testimony show that he conducted a detailed review of the plaintiff's medical records and performed a microscopic evaluation of tissue specimens surgically removed from the plaintiff. Dr. Michaels considered other alternative causes for the plaintiff's injuries in his report.

As discussed above, an expert's causation opinions will not be excluded "because he or she has failed to rule out every possible alternative cause of a plaintiff's illness." *Westberry*, 178 F.3d. at 265. Ethicon's suggested other possible alternative causes affect the weight—not the admissibility—of an expert's testimony, unless the expert can provide *no* explanation for ruling out such alternative causes at trial. *See id.* at 265. To the extent that Ethicon believes that Dr. Michaels failed to properly

4

consider other alternative causes, Ethicon is free to address those issues on cross-examination. Ethicon's Motion on this point is **DENIED.**

Ethicon also argues that I should preclude Dr. Michaels from testifying as to Ethicon's state of mind. I agree; experts may not testify about what other parties did or did not know. However, to the extent Ethicon seeks to exclude Dr. Michaels's testimony about factual issues or the knowledge of the medical community in general, I disagree. Expert witnesses may properly offer opinions on these topics. Ethicon's Motion is **GRANTED** to the extent it seeks to exclude evidence regarding Ethicon's state of mind.

Next, Ethicon argues that, if Dr. Michaels is allowed to testify, his opinions should be limited to the date when the tissue sample he evaluated was obtained because he has no basis to opine on the plaintiff's medical issues beyond that date. I disagree. After reviewing Dr. Michaels's opinions relating to the plaintiff's medical condition beyond the date that the tissue was removed, I find that those opinions are sufficiently grounded to move forward and Dr. Michaels is sufficiently qualified to offer those opinions. To the extent Ethicon believes Dr. Michaels's opinions are deficient, Ethicon may attack those opinions on cross-examination. Ethicon's Motion on this point is **DENIED.**

Many of Ethicon's remaining arguments relate to general causation—specifically, testimony regarding the TVT's design features, mesh degradation, and nerve entrapment. Any general causation issues properly raised in a motion to exclude general causation testimony were addressed in Judge Goodwin's March 29,

2017 Order, which this court adopted on April 27, 2017 [ECF No. 104]. Ethicon's Motion on these points is **DENIED**, and any remaining issues are **RESERVED for trial**.

IV. Conclusion

The court **ORDERS** that the Motion to Exclude the Case Specific Opinion Testimony of Dr. Paul Michaels [ECF No. 87] is **GRANTED in part**, **DENIED in part**, and **RESERVED in part**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 12, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE